# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **WINSOUTH CREDIT UNION,** )<br>**Individually and on Behalf of All Similarly** )<br>**Situated,** )<br>)<br>       **Plaintiff,** )<br>)<br>**vs.** )<br>)<br>**MAPCO EXPRESS, INC., and DELEK** )<br>**US HOLDINGS, INC.,** )<br>)<br>       **Defendants.** ) | **CASE NO.: 3:14-cv-1573**<br><br>**HON. WAVERLY D. CRENSHAW, JR.** |

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement, dated August 25, 2016 (the "Stipulation"), is submitted pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. Subject to the approval of the Court, this Stipulation is entered into by and among the following settling parties to the above-entitled putative class action (the "Action"): (i) Plaintiff WinSouth Credit Union ("WinSouth") and class member First National Community Bank ("FNCB") ("Plaintiffs"), on behalf of themselves and each of the other Class Members (as defined herein), by and through their counsel of record; and (ii) Defendants MAPCO Express, Inc. and Delek US Holdings, Inc. ("MAPCO" or "Defendants" and collectively, with Plaintiffs, the "Settling Parties"), by and through their counsel of record. This Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Action and the Released Claims (as defined below), upon and subject to the terms and conditions hereof (the "Settlement").

In connection with seeking the Court's approval of the Settlement on the terms herein, the Settling Parties hereby stipulate to certification of a class, as defined in this Stipulation, for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23.

# I.    THE LITIGATION

A.    On February 19, 2014, FNCB filed a Consolidated Class Action Complaint in the United States District Court for the Northern District of Georgia against Defendants.  *See* Case No. 4:14-cv-00031 (N.D. Ga.).

B.    On August 1, 2014, Plaintiff WinSouth filed a Complaint – Class Action (the "Complaint") against Defendants in the United States District Court for the Middle District of Tennessee.  *See* Case No. 3:14-cv-01573 (M.D. Tenn.).

C.    Both the FNCB and WinSouth actions were brought on behalf of a class of financial institutions that have suffered damages and/or harm as a result of a data breach with respect to personal and financial information of customers who used debit or credit cards at Defendants' retail locations.  The FNCB and WinSouth actions alleged the following causes of action against Defendants: (1) negligent misrepresentation; (2) violation of the Gramm-Leach-Bliley Act; (3) negligence; (4) breach of contract; and (5) negligence *per se* (WinSouth only).

D.    Defendants answered the complaints in the FNCB and WinSouth actions and the parties commenced discovery shortly thereafter.

E.    Over the last several months, Plaintiffs have propounded discovery requests on Defendants and several third parties.  Counsel for Plaintiffs have reviewed thousands of pages of documents.

F.    On January 12, 2016, Plaintiffs' Counsel took the 30(b)(6) deposition of MAPCO's corporate representative.

G.    On January 13, 2016, counsel for all Settling Parties participated in a full day mediation session with George M. "Marty" Van Tassel, Jr.  Settlement discussions continued over the next several months.

H.     MAPCO paid a total of $1,245,868.65 in assessments to Visa and MasterCard under those brands' regulations as a result of the Data Breach.  As part of the Settlement, MAPCO has agreed to pay an additional $700,000 to eligible Settlement Class Members as described below.  Additionally, as part of the Settlement memorialized herein, Defendants will cooperate with Plaintiffs' Counsel's reasonable efforts to confirm that those monies paid in assessments to Visa and MasterCard have been or will be paid to Settlement Class Members who previously submitted fraud information to Visa and/or MasterCard, or who issued cards that were identified as potentially compromised by Visa and/or MasterCard, in accordance with the terms and conditions of the applicable card network agreements.  Defendants will also cooperate with Plaintiffs' Counsel in their efforts to ensure that the payments made by MAPCO to Visa and MasterCard are or have been properly credited and/or transmitted to the eligible members of the Settlement Class.  Defendants acknowledge the important role to be played by Plaintiffs' Counsel in causing such monies to be properly paid or credited, or in ensuring that such has occurred.

I.     As a result of Plaintiffs' lawsuits and based, in part, on information provided by Plaintiffs' Counsel, Defendants conducted an investigation into their data security practices.

J.     On June 21, 2016, a settlement in principle was reached and memorialized in an executed Memorandum of Understanding.  The Settling Parties did not negotiate or discuss attorneys' fees until after all other substantive terms of the Settlement were reached.  The parties thereafter negotiated the documentation of the Settlement.

K.     Plaintiffs believe that the Released Plaintiffs' Claims have merit.  However, Plaintiffs and their counsel recognize and acknowledge that the further expense and length of continued proceedings that will be necessary to prosecute the Actions through discovery, class

3

certification, any motions for summary judgment, trial, and any appeals may exceed the amount of any potential recovery. Plaintiffs also have taken into account the uncertain outcome and risk of any litigation, as to issues of liability and damages, especially in complex actions such as this; and the difficulties and delays inherent in such litigation. Plaintiffs believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Settlement Class. Based on their evaluation, and the advice of their counsel, Plaintiffs have determined that the Settlement set forth in this Stipulation is a fair, reasonable, and adequate resolution of Class Members' claims.

L. Defendants deny any wrongdoing or liability whatsoever; and this Stipulation shall in no event be construed as or deemed to be evidence or an admission or concession on the part of Defendants with respect to any claim of liability or any claim for class certification for any purpose other than this Settlement, or of any fault or liability or wrongdoing or damage whatsoever, or of any infirmity in the defenses that Defendants have asserted or could assert, if the Action were to proceed and may not be cited in any action as an admission of liability. Nonetheless, Defendants have concluded that further conduct of the Actions would continue to be protracted and expensive, and that it is desirable that the Actions be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as this. Defendants have, therefore, determined that it is desirable and beneficial to it that the Actions be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## II. TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs (for themselves and all Settlement Class Members) and Defendants, by and through

their respective counsel, that, subject to the approval of the Court under Federal Rule of Civil Procedure 23, the Actions and the Released Claims (as defined below) shall be finally and fully compromised, settled and released, and the Actions shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of this Stipulation, as follows.

## 1. Definitions

The terms below shall have the following meanings for the purpose of this Stipulation and the exhibits to this Stipulation:

1.1 "Actions" means the FNCB and WinSouth actions referenced above, including all complaints, pleadings, and briefs filed therein.

1.2 "Agreement" or "Settlement Agreement" or "Stipulation" means this document, including all exhibits.

1.3 "Authorized Claimants" means members of the Settlement Class who submit valid Proof of Claim and Release Forms demonstrating a claim qualifying for relief under this Settlement.

1.4 "Claims Period" means the period beginning with the mailing of the Notice and ending 120 days later, which shall be expressed as a date certain in the Notice.

1.5 "Data Breach" means the 2013 payment card data breaches that were publicly disclosed by MAPCO beginning on or about May 6, 2013.

1.6 "Defendants" means MAPCO Express, Inc. and Delek US Holdings, Inc.

1.7 "Defendants' Counsel" means Bradley Arant Boult Cummings LLP, One Federal Place, 1819 Fifth Avenue North, Birmingham, Alabama 35203-2119 and Bradley Arant Boult Cummings LLP, Roundabout Plaza, 1600 Division Street, Suite 700, Nashville, Tennessee 37203.

5

1.8 "Effective Date" means the first date by which all of the events and conditions specified in ¶8.1 of this Stipulation have been met and have occurred.

1.9 "Final Judgment" means the judgment to be rendered by the Court, in the form attached hereto as Exhibit B.

1.10 "Settlement Amount" means $700,000.00.

1.11 "Settlement Class" and "Class Members" mean, for purposes of this Stipulation only, all entities in the United States and its Territories that issued payment cards by Visa or MasterCard identified as potentially compromised in the Data Breach. Excluded from the class are all entities that previously released MAPCO with respect to all of the payment cards that they issued that were compromised in the Data Breach, and entities that timely and validly request exclusion from the Settlement Class.

1.12 "MAPCO" means Mapco Express, Inc.

1.13 "Notice" means the Notice of Proposed Settlement of Class Action and Settlement Hearing, substantially in the form attached hereto as Exhibit A-1.

1.14 "Plaintiffs" mean FNCB and WinSouth.

1.15 "Plaintiffs' Counsel" means Scott+Scott, Attorneys at Law, LLP, The Helmsley Building, 230 Park Avenue, 17th Floor, New York, New York 10169, Wood Law Firm, LLC, P.O. Box 382434, Birmingham, Alabama 35238-2434, and Pittman, Dutton & Hellums, P.C., 2001 Park Place North, Suite 1100, Birmingham, Alabama 35203-2716.

1.16 "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

6

1.17　"Preliminary Order" means the proposed order preliminarily approving the Settlement set forth in this Stipulation and directing notice thereof to the Class, substantially in the form attached hereto as Exhibit A.

1.18　"Proof of Claim and Release Form" means the two alternative claim forms, to be used by Settlement Class Members at their election to make claims against the Settlement Fund, in the form attached hereto as Exhibits A-2 and A-3.

1.19　"Related Parties" means each of the past and/or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, advisers, consultants, accountants or auditors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related and/or affiliated entities of Defendants, and/or any Person who is or was named as a defendant in the Actions, and/or any entity in which any Person who is or was named as a defendant in the Actions (including any prior complaints in the Actions), has a controlling interest.

1.20　"Released Claims" means, collectively, Released Defendants' Claims and Released Plaintiffs' Claims.

1.21　"Released Defendants' Claims" means all claims (including "Unknown Claims" as defined below) that any of the Released Defendant Persons may have against Plaintiffs, Class Members, or Plaintiffs' Counsel relating to the institution, prosecution, or settlement of the Actions or the Released Plaintiffs' Claims,  except for claims to enforce any of the terms of this Stipulation.

1.22　"Released Plaintiffs' Claims" means any and all manner of claims, demands, rights, liabilities, losses, obligations, duties, damages, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, agreements,

judgments, decrees, matters, issues and controversies of any kind, nature or description whatsoever, whether known or unknown, disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, including Unknown Claims (as defined below), relating to the Data Breach (*i.e.*, the subject matter of this Action), against any or all of the Released Defendant Persons, belonging to Plaintiffs, Plaintiffs' Counsel, and any or all Class Members, and their present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, and agents, including, without limitation, any claims, causes of action and rights, whether direct, derivative, individual, representative or in any other capacity, arising under federal, state, local, or foreign statutory or common law or any other law, rule, or regulation, which, now or hereafter, are based upon, arise out of, relate in any way to, or involve, directly or indirectly, any of the actions, transactions, occurrences, statements, representations, misrepresentations, omissions, allegations, facts, practices, events, claims, or any other matters, things or causes whatsoever, or any series thereof, that: (i) have been asserted in the Actions or any of the pleadings in the Actions, including in the respective operative complaints, by Plaintiffs or any Class Member against any of the Released Defendant Persons; or (ii) could have been asserted, or in the future could or might have been asserted, in this Action or any other forum whatsoever by Plaintiffs or any Class Member against any of the Released Defendant Persons which arise out of, or are based upon or related in any way to, the Data Breach.

      1.23    "Released Defendant Persons" means MAPCO and Delek US Holdings, Inc., and their respective Related Parties.

1.24    "Released Persons" means Released Defendant Persons and Released Plaintiff Persons.

1.25    "Released Plaintiff Persons" means Plaintiffs, Class Members, and their respective Related Parties.

1.26    "Settlement Fund" means the separate account that MAPCO or its designee will establish to hold the Settlement Amount.

1.27    "Settlement Hearing" means the hearing on the Settlement described in ¶4.2 of this Stipulation.

1.28    "Settling Parties" means, collectively, Defendants and Plaintiffs, on behalf of themselves and the other members of the Settlement Class.

1.29    "Unknown Claims" means any and all Released Plaintiffs' Claims against the Released Defendant Persons and any Released Defendants' Claims against Released Plaintiff Persons which the claimant does not know or suspect to exist in his, her, or its favor as of the Effective Date, which, if known by him, her, or it, might have affected his, her, or its determination to enter into, or the terms of any, settlement with and release of the Released Defendant Persons or the Released Plaintiff Persons, or that might have affected his, her, or its decision not to object to or request exclusion from this Settlement.  With respect to any and all Released Plaintiffs' Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that, by operation of the Final Judgment, upon the Effective Date, Plaintiffs and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER

FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, or foreign law, which is similar, comparable or equivalent to California Civil Code §1542. Plaintiffs and other Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims, but Plaintiffs shall expressly, and each other Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all Released Plaintiffs' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts as they relate to the Released Plaintiffs' Claims. Plaintiffs and Defendants acknowledge, and Class Members shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

>        2.        **The Settlement Consideration**

>                a.        **The Settlement Fund**

>        2.1        MAPCO will deposit, or cause to be deposited, the Settlement Amount ($700,000) within ten (10) calendar days after the Court enters the Preliminary Order granting

preliminary approval of the Settlement set forth in this Stipulation into a separate interest bearing account (the "Settlement Fund") that will be used to pay all Authorized Claimants. The Settlement Amount will be distributed to members of the Settlement Class ("Settlement Class Members") in accordance with a distribution plan containing the features detailed herein and in Exhibits A-2 and A-3, attached hereto, to be approved by the Court. Specifically, the proposed Settlement provides Authorized Claimants with two options. First, they can seek a share of the total Settlement Fund without needing to submit documentation of their alleged costs, expenses and damages. Under this first option, Authorized Claimants will receive a maximum of $3.00 per claimed-on account, subject to a *pro rata* increase or decrease, depending on the value of all approved Claims submitted. Specifically, Authorized Claimants under this option will be entitled to that percentage of the total Settlement Fund that is the same as the percentage that their claim in dollars bears to the total dollar amount of all valid and approved Claims. Alternatively, Authorized Claimants can recover a portion (up to 60%) of their actual damages, less any amounts each Authorized Claimant has received from Visa or MasterCard through those brands' recovery processes, by submitting documentation demonstrating their losses and detailing any amounts each Authorized Claimant has received from Visa or MasterCard. Authorized Claimants under this second option will also be entitled to that percentage of the total Settlement Fund that is the same as the percentage that their claim in dollars bears to the total dollar amount of all valid and approved Claims. To the extent any funds remain in the Settlement Fund after distribution to Settlement Class Members, if economically feasible, a supplemental distribution will be made to eligible Settlement Class Members. To the extent any funds remain of the Settlement Amount and a supplemental distribution is not economically feasible, any such

remaining funds shall be distributed to a *cy pres* recipient or recipients or use, as agreed by the parties and approved by the Court. No amounts in the Settlement Fund shall revert to Mapco.

**b.**      **Termination of Settlement**

2.2     In the event that this Stipulation is not approved by the Court or the order approving this Stipulation and entering Final Judgment does not become final, or this Stipulation is terminated, canceled, or the Effective Date fails to occur for any reason, the money in the Settlement Fund shall be removed by MAPCO.

2.3     MAPCO shall have the right, but not the obligation, in its sole discretion, to terminate the Settlement if the number of Class Members representing a separately-memorialized percentage of the potentially affected payment cards, or a separately-memorialized number of Class Members, elect to opt out of the Settlement.

3     **Certification of the Settlement Class**

3.1     Plaintiffs' Counsel shall propose, without objection from MAPCO, that the Court (1) certify the Settlement Class for settlement purposes only under Rule 23(b)(3) of the Federal Rules of Civil Procedure; (2) appoint WinSouth and FNCB as the representatives of the Settlement Class; and (3) appoint Class Counsel as legal counsel for the Settlement Class.

3.2     Plaintiffs' Counsel shall, prior to the date of the preliminary approval hearing contemplated herein, seek and obtain a stay of the FNCB action, Case No. 4:14-cv-00031 (N.D. Ga. Upon the Effective Date, Plaintiffs' Counsel will dismiss the FNCB action with prejudice. Until such time as the Effective Date occurs, or the Settlement is terminated, Plaintiffs' Counsel agrees to suspend all litigation activity in the FNCB action (with the exception of obtaining the stay referenced herein).

**4.    Notice Order and Settlement Hearing**

4.1    Promptly after execution of this Stipulation, the Settling Parties shall submit this Stipulation together with its Exhibits to the Court and shall request, *inter alia*, preliminary approval of the Settlement set forth in this Stipulation, entry of the Preliminary Order substantially in the form of Exhibit A attached hereto, and approval for the notice plan contemplated in the Preliminary Order, including the Settlement notice (the "Notice"), substantially in the form of Exhibit A-1 attached hereto.  The Notice will be mailed and/or emailed to Class Members.

4.2    After Notice is given, the Court shall hold a hearing (the "Settlement Hearing") at which time Plaintiffs' Counsel shall request that the Court approve the Settlement of the Action as set forth herein and enter the Final Judgment in the form attached as Exhibit B to this Stipulation.  At the Settlement Hearing, Plaintiffs' Counsel also will request that the Court approve its fee and expense application (the "Fee and Expense Application").

4.3    MAPCO will undertake the administrative responsibility for, and shall pay the cost of hiring a settlement administrator (defined below) who will, in keeping with the notice plan contemplated in the Preliminary Order, provide Notice to all Class Members.  Prior to the Settlement Hearing, MAPCO shall cause the settlement administrator to file with the Court an affidavit of compliance with  the notice plan.

**5.    Releases**

5.1    Upon the Effective Date hereof, Plaintiffs and each of the Class Members who do not timely request exclusion from the Class in accordance with the requirements of the Notice, attached as Exhibit A-1 hereto, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released

Plaintiffs' Claims against each and all of the Released Defendant Persons, whether or not such Class Member executes and delivers a Proof of Claim and Release or is an Authorized Claimant.

5.2     The Proof of Claim and Release to be executed by Class Members shall release all Released Plaintiffs' Claims against the Released Defendant Persons, and shall be substantially in the form contained in Exhibits A-2 and A-3 attached hereto.

5.3     Upon the Effective Date, each of the Released Defendant Persons shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs and the other Class Members who do not timely request exclusion from the Class in accordance with the requirements of the Notice and Plaintiffs' Counsel (in their capacity as such) from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, Settlement, or resolution of the Actions or the Released Plaintiffs' Claims.

5.4     Notwithstanding anything to the contrary above, the Released Plaintiffs' Claims and the Released Defendants' Claims do not include claims to enforce the Final Judgment, this Stipulation, or the Settlement set forth herein, and any or all of their terms, including, but not limited to, the terms of the releases provided for herein and in the Final Judgment.

## 6.     Notice and Administration of Claims, Final Awards and Supervision, and Distribution of the Settlement Fund

6.1     Notice of settlement and of the opportunity to opt out will be provided to Settlement Class Members in accordance with a notice plan contemplated hereunder, which must receive Court approval.

6.2     MAPCO has hired Dahl Administration LLC as the claims notification firm and settlement administrator (collectively, "Settlement Administrator").  All costs associated with hiring the Settlement Administrator, including providing Notice, processing claims and payment

14

to Settlement Class Members of the Settlement Class will be borne by MAPCO. The Settlement Administrator will administer the Settlement.

6.3     MAPCO will be responsible for issuing notice of the Settlement to the extent required by, and in keeping with, the requirements of, CAFA.

6.4     The Settlement Fund shall be applied to pay all Authorized Claimants as allowed by this Stipulation or further order of the Court.

6.5     Upon the Effective Date and thereafter, and in accordance with the terms of this Stipulation or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the money from the Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following:

(a)     Within 120 days after the initial mailing of the Notice or such other time as may be set by the Court in its Preliminary Approval Order (the "Claims Period"), with the resulting deadline to be specified as a date certain in the Notice, each Person claiming to be a Class Member shall be required to submit to MAPCO or its designee a completed Proof of Claim and Release form, substantially in the form of either Exhibit A-2 or Exhibit A-3 attached hereto.

(b)     Except as otherwise ordered by the Court, any and all Class Members who fail to timely request exclusion from the Settlement pursuant to the terms of the Notice or to submit a Proof of Claim and Release as specified in the Notice shall be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Final Judgment. MAPCO or its designee shall notify persons in writing of any defects in their Proof of Claim and Release Forms, objections, or requests for exclusion and shall provide such persons with a reasonable opportunity to cure any noted

defects. As provided in the Preliminary Order attached as Exhibit A hereto, the Court shall maintain continuing exclusive jurisdiction over MAPCO's or its designee's determinations of the validity of objections, requests for exclusion, or claims and/or claimants' entitlement to payment under the Settlement, including to hear any objections by claimants to MAPCO's or its designee's determinations.

(c)    No Person shall have any claim against: (i) Plaintiffs or Plaintiffs' Counsel with respect to the distribution of the Settlement Fund; or (ii) MAPCO and/or the Related Parties or their counsel or other Person designated by any of them, based on the distributions made substantially in accordance with this Stipulation and the Settlement contained herein or further order(s) of the Court.

6.6    Each Authorized Claimant shall be deemed to have submitted to the jurisdiction of the Court solely with respect to the Authorized Claimant's claim, including, but not limited to, the releases provided for herein and in the Final Judgment, and any order the Court may issue with respect to such claim.

**7.    Attorneys' Fees and Expenses**

7.1    After agreeing to the main provisions of the Stipulation, the Settling Parties negotiated in good faith the amount of attorneys' fees, expenses, and service awards that, subject to Court approval, would be paid by MAPCO to Plaintiffs' Counsel for the benefits achieved in the Settlement. Following that negotiation, MAPCO has agreed to pay attorneys' fees and expenses as may be approved by the Court, in an amount not to exceed $590,000. MAPCO shall be under no obligation to pay any other, additional, or greater amount than this combined amount in fees and expenses in connection with this Settlement, and may withdraw from the Settlement if an award is made in a greater amount. The attorneys' fees, expenses, and any service awards awarded by the Court will be paid by MAPCO, not by the Class Members or

16

from the Settlement Fund. Plaintiffs' Counsel will not seek attorneys' fees, expenses, or a service award other than as provided for in this paragraph.

7.2    The approved attorneys' fees and expenses described in the preceding paragraph are to be paid to Plaintiffs' Counsel within 10 business days after the Effective Date.

7.3    MAPCO and the Related Parties shall have no responsibility for any payment of attorneys' fees or expenses to Plaintiffs' Counsel, or any other plaintiff's counsel, over and above $590,000.00.

7.4    MAPCO also agrees to pay, subject to Court approval, service awards in the following amounts: (1) FNCB - $10,000; and (2) WinSouth - $5,000. MAPCO does not oppose Plaintiffs' Counsel's application for service awards in these amounts for Plaintiffs, as long as the request does not exceed the agreed-to amounts specified in this paragraph. MAPCO will pay the approved service awards within 10 business days after the Effective Date.

7.5    MAPCO and the Related Parties shall have no responsibility for any payment or allocation of any other fees, expenses, or service awards, in the event that any other person asserts a claim for fees, expenses, or service awards.

## 8.    The Effective Date and Conditions for the Effectiveness of the Settlement

8.1    The Effective Date of this Stipulation shall be the first date after which the following events and conditions have occurred: (i) the Court has entered a Final Judgment and (ii) the Judgment has become final in that the time for post-judgment motion, appeal, or writ has expired or, if any appeal and/or petition for review is taken and then the settlement is affirmed, the time period during which further petition for rehearing or reconsideration, appeal, or writ of certiorari or other writ can be taken has expired. If the Judgment is set aside, modified, or overturned by the trial court or on appeal, and is not fully reinstated on further appeal, the judgment shall not become final. If all of the conditions specified in this paragraph are not met,

17

then this Stipulation shall be canceled and terminated unless Plaintiff and Defendant mutually agree through their respective counsel in writing to proceed with this Stipulation or a mutually agreed modification thereto.

8.2     Unless otherwise ordered by the Court, in the event this Stipulation shall terminate, or be canceled, or the Effective Date shall not occur for any reason, then immediately after the occurrence of such event, the money in the Settlement Fund shall be returned to MAPCO.

8.3     In the event that this Stipulation is not approved by the Court or the Settlement set forth in this Stipulation is terminated or the Effective Date does not occur in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Actions as of the date of the execution hereof.  In such event, the fact, terms and provisions of this Stipulation, with the exception of ¶¶8.3, 9.3, and 9.4 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Action or in any other action or proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the amount of any attorneys' fees, costs, expenses, service award, and interest awarded by the Court to the Plaintiffs' Counsel or Plaintiffs (insofar as such order is for an amount less than reflected herein) shall constitute grounds for cancellation or termination of this Stipulation by Plaintiffs or their counsel.

9.      **Miscellaneous Provisions**

9.1     The Settling Parties: (a) acknowledge that it is in their interest and their intent to consummate this Agreement; and (b) agree to cooperate to the extent reasonably necessary to

effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

9.2     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Action. The Settlement compromises claims which are contested and shall not be deemed an admission by or otherwise as evidence of any Settling Party as to the merits of any claim or defense. The parties agree that, and the Final Judgment will contain a finding that, during the course of the Action, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11. The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated in good faith by the Settling Parties and reflect a Settlement that was reached voluntarily after consultation with competent legal counsel. The Settling Parties reserve their right to rebut, in any manner that such party determines to be appropriate, any contention made in any public forum that the Actions were brought or defended in bad faith or without a reasonable basis.

9.3     Neither this Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of MAPCO, or damage to any Class Member or other person, or the certifiability of any claim other than for the purposes of settlement; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of MAPCO in any civil, criminal, regulatory, or administrative proceeding in any court, administrative agency or other tribunal. However, MAPCO and the Released Defendant Persons may file this Stipulation (or its exhibits) and/or the Final Judgment in any

action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.4    All agreements made during the course of the Actions relating to the confidentiality of information shall survive this Stipulation.

9.5    All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.6    This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.7    This Stipulation and the Exhibits attached hereto constitute the entire agreement among the parties hereto and no representations, warranties, or inducements have been made to, and no reliance has been made by, any party concerning this Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise provided herein, each party shall bear its own costs.

9.8    Plaintiffs' Counsel, on behalf of the Settlement Class, are expressly authorized by Plaintiffs to take all appropriate action required or permitted to be taken pursuant to this Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Settlement Class which it deems appropriate.

9.9    Each counsel or other Person executing this Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

9.10    This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of original executed counterparts shall be filed with the Court.

9.11    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties and the Released Persons and the Related Parties.

9.12    The Court shall retain jurisdiction with respect to implementation and enforcement of this Stipulation and the Final Judgment, and the Settling Parties submit to the continuing exclusive jurisdiction of the Court for purposes of implementing this Stipulation and the Final Judgment.  The Court shall retain continuing exclusive jurisdiction to resolve any disputes by Settlement Class Members regarding claims for payment from the Settlement Fund.

9.13    This Stipulation and the Exhibits hereto shall be governed and construed in accordance with the laws of the State of Tennessee and without regard to the Tennessee choice-of-law rules except to the extent that federal law governs.

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed,

by their duly authorized attorneys, dated as of August 25, 2016.

Dated: August 25, 2016

Stephen J. Teti (admitted *pro hac vice*)
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone: 860-537-5537
Facsimile: 860-537-4432
steti@scott-scott.com

Joseph P. Guglielmo (admitted *pro hac vice*)
SCOTT+SCOTT, ATTORNEYS AT LAW, LLP
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile: 212-223-6334
jguglielmo@scott-scott.com

J. Gerard Stranch, IV (BPR #023045)
Benjamin A. Gastel (BPR# 028699)
Branstetter, Stranch & Jennings, PPLC
227 Second Avenue North, 4th Floor
Nashville, TN 37201-1631
Telephone: 615-254-8801
Facsimile: 615-250-3937
gerards@branstetterlaw.com
beng@branstetterlaw.com

E. Kirk Wood (SJT w/ permission)
E. Kirk Wood
Wood Law Firm, LLC
P. O. Box 382434
Birmingham, Alabama 35238-2434
Telephone: (205) 612-0243
Facsimile: (866) 747-3905
ekirkwood1@bellsouth.net

Chris T. Hellums (SJT w/ permission)
Chris T. Hellums
Pittman, Dutton & Hellums, P.C.

22

2001 Park Place North, Suite 1100
Birmingham, Alabama 35203-2716
Telephone: (205) 322-8880
Facsimile: (205) 328-2711
chrish@pittmandutton.com

*Attorneys for Plaintiffs*

Dated: August 25, 2016

Michael R. Pennington
John E. Goodman
J. Thomas Richie
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119
(205) 521-8000 - Telephone
(205) 521-8800 - Facsimile
mpennington@babc.com
jgoodman@babc.com
trichie@babc.com

Edmund S. Sauer
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, TN 37203
(615) 252-2374 – Telephone
(615) 252-6374 – Facsimile
esauer@babc.com

*Counsel for Mapco Express, Inc. and Delek U.S.
Holdings, Inc.*