UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| WINSOUTH CREDIT UNION, ) | | |
| Individually and on behalf of all ) | | |
| similarly situated, ) | | |
| ) | | |
| Plaintiffs, ) | NO. 3:14-cv-01573 | |
| ) | JUDGE CRENSHAW | |
| v. ) | | |
| ) | | |
| MAPCO EXPRESS, INC., and ) | | |
| DELEK US HOLDINGS, INC., ) | | |
| ) | | |
| Defendants. ) | | |

## ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT, APPROVING NOTICE, SCHEDULING FINAL APPROVAL HEARING, AND <u>CONDITIONALLY CERTIFYING SETTLEMENT CLASS</u>

WHEREAS Plaintiffs, WinSouth Credit Union and First National Community Bank ("Plaintiffs"), on behalf of themselves and each of the other Class Members (as defined herein) and Defendants MAPCO Express, Inc. and Delek US Holdings, Inc. ("MAPCO" or "Defendant") have determined to settle all claims involving MAPCO in this action (the "Action") on the terms set forth in the Stipulation of Settlement dated as of August 25, 2016 (the "Stipulation"); and

WHEREAS the Court is familiar with and has reviewed the record in the Action and has reviewed the settlement (the "Settlement") set forth in the Stipulation, including the exhibits attached to the Stipulation, and finds good cause for entering the following Order:

NOW, THEREFORE, this 14th day of September, 2016, IT HEREBY IS ORDERED AS FOLLOWS:

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating the Settlement only, a Rule 23(b)(3) class of all entities in

the United States and its Territories that issued payment cards identified as potentially compromised in the payment card data breach that was publicly disclosed by MAPCO Express, Inc. ("MAPCO") on or about May 6, 2013 (the "Data Breach") (collectively, the "Class" and each individual, a "Class Member"). Excluded from the Class are all entities that previously released MAPCO with respect to all of the payment cards that they issued that were compromised in the Data Breach, and entities that timely and validly request exclusion from the Settlement Class. Except as otherwise indicated, all capitalized terms herein shall have the meaning ascribed to them in the Stipulation of Settlement.

2. With respect to the Class, this Court preliminarily finds, for purposes of effectuating this Settlement, that: (a) Class Members are so numerous that joinder of all Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of Plaintiffs are typical of the claims of the Class; (d) Plaintiffs and Plaintiffs' Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (1) the interests of Class Members in individually controlling the prosecution of the separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by Class Members; (3) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (4) the difficulties likely to be encountered in the management of the Action.

1. Pursuant to Rule 23, the Court preliminarily appoints Plaintiffs as representatives for the Class and appoints Scott+Scott, Attorneys at Law, LLP and Wood Law Firm, LLC, and Pittman Dutton & Hellums, P.C. as Class Counsel pursuant to Rule 23(g).

2. The Court preliminarily finds and concludes that the Settlement is within the range of reasonableness, warranting preliminary approval and notice to the Class; preliminarily approves the Settlement; and adopts the terms of the Settlement for the purpose of this Order.

3. The Court will hold a settlement hearing (the "Settlement Hearing") at 9:00 a.m. on **January 9, 2017,** at the United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203, for the following purposes: (i) to determine whether the Class should be certified, whether Plaintiffs and Plaintiffs' Counsel have fairly and adequately represented the interests of the Class, and whether the Settlement should be finally approved as fair, reasonable, adequate to, and in the best interests of, the Class; (ii) to determine whether a Final Judgment in the form attached as Exhibit B to the Stipulation should be entered, dismissing this action and releasing the Released Claims, with prejudice, as to the Released Persons; (iii) to rule upon an application by Plaintiffs' Counsel for an award of attorneys' fees, a service award, and expenses; and (iv) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

3.1 Notice of the Settlement and the Settlement Hearing shall be given by MAPCO or its designee to all potential class members. MAPCO or its designee will undertake the administrative responsibility for, and MAPCO shall pay the cost of, mailing the Notice to all potential Class Members. Prior to the Settlement Hearing, MAPCO shall file with the Court an affidavit of mailing with respect to the mailing of the Notice to the Class Members. MAPCO will mail, by first class postage pre-paid mail, the Notice of Proposed Settlement of Class Action and Settlement Hearing in the form attached to the Stipulation as Exhibit A-1 and the Proof of Claim and Release Forms in the forms attached to the Stipulation as Exhibit A-2 and Exhibit A-3 on or

3

Case 3:14-cv-01573   Document 48   Filed 09/14/16   Page 3 of 10 PageID #: 335

before **October 12, 2016**.  In the event a Notice is undeliverable, MAPCO or its designee shall use its best efforts to locate and attempt to resend the Notice to the recipient's current address.

4. The Court finds and concludes, with respect to both the form of the Notice to be given and the procedure used to give notice, that the Notice provided for in this Order is the best notice reasonably practicable under the circumstances, fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law, and constitutes due and sufficient notice to all Persons entitled to receive notice.

5. The Settlement Hearing may be adjourned by the Court without notice to the Class other than by an announcement of the adjournment at the scheduled time of the Settlement Hearing, by an announcement of the adjournment at the scheduled time of any adjournment of the Settlement Hearing, and/or by a docket entry on the Court's ECF system.  The Court may consider modifications to the Settlement (with the written consent of Plaintiffs and MAPCO) without further notice to the Class.

6. Any member of the Class may request exclusion from the Class.  Any request for exclusion from the Class:  (i) must be in writing; (ii) must be delivered by hand, overnight delivery service, or first class postage, pre-paid mail addressed to all parties identified in Question 15 of the Notice; (iii) must include the number of payment cards the Class Member issued that were affected by the MAPCO Data Breach; and (iv) must be received at the addresses stated in the Notice no later than **December 19, 2016**.  Any request for exclusion from the Class must be signed and must include the person's or entity's name, address, telephone number and, if applicable, e-mail address.  Any Class Member who requests exclusion from the Class in accordance with the terms stated in this Order shall be excluded from the Class and shall not be bound by the terms of

the Settlement or the Final Judgment or the Release therein, but shall have no right to participate in the distribution of the Settlement Fund (as that term is defined in the Stipulation).

7. Any member of the Class who does not request exclusion from the Class in the manner stated in this Order shall be deemed to have consented to the jurisdiction of this Court, to have waived his, her, or its right to be excluded from the Class, and shall forever be barred from requesting exclusion from the Class, and shall be bound by the Settlement and the Final Judgment, including the Releases set forth therein, if the Court approves the Settlement.

8. Any member of the Class who does not request exclusion from the Class in the manner required by this Order may object to the Settlement, the request by Plaintiffs' Counsel for attorneys' fees, a service award, and expenses or otherwise request to be heard, in person or by counsel, concerning any matter properly before the Court at the Settlement Hearing. Any objection, statement, or request to be heard at the Settlement Hearing must be in writing and must be received by the counsel identified in Question 21 of the Notice, and filed with the Court, no later than **December 19, 2016**, a date following the date by which Plaintiffs' Counsel must file the request for attorneys' fees, a service award, and expenses. Any objection, statement, or request to be heard at the Settlement Hearing must be signed and include the following information: (i) the entity's name, address, telephone number and, if applicable, e-mail address (and the name, address, telephone number and, if applicable, e-mail address of any counsel who will appear for such entity); (ii) an attestation that the entity believes that it incurred losses as a result of the MAPCO Data Breach; (iii) the date(s) and amount(s) of the damages suffered as a result of the MAPCO Data Breach; (iv) a detailed statement of the basis for the entity's objections to or comments concerning the Settlement (including the Final Judgment to be entered pursuant thereto), the request by Plaintiffs' Counsel for attorneys' fees, a service award, and expenses, or any other

matter before the Court; (v) any supporting papers, including all documents and writings that the person or entity wants the Court to consider; and (vi) an indication of whether such entity, or such entity's counsel, wishes to speak at the Settlement Hearing. By objecting to the Settlement, the request by Plaintiffs' Counsel for attorneys' fees, a service award, and expenses or otherwise requesting to be heard at the Settlement Hearing, a person or entity shall be deemed to have submitted to the jurisdiction of the Court, including as to any order the Court issues concerning, among other things, discovery with respect to the entity's objection or request to be heard and the subject matter of the Settlement.

9. Any member of the Class who does not object to the Settlement or the Final Judgment (including Releases) to be entered pursuant thereto, the request by Plaintiffs' Counsel for attorneys' fees, a service award, and expenses, or otherwise does not request to be heard at the Settlement Hearing, in the manner required by this Order, shall be deemed to have waived its right to object to the Settlement or the Final Judgment (including Releases) to be entered pursuant thereto or Plaintiffs' Counsel's request for attorneys' fees, a service award, and expenses or to otherwise be heard concerning these subjects, and shall forever be barred from objecting to the Settlement or the Final Judgment (including Releases) to be entered pursuant thereto, the request by Plaintiffs' Counsel for attorneys' fees, a service award, and expenses, or from otherwise being heard concerning these subjects in this or any other proceeding.

10. Any member of the Class who does not request exclusion from the Class in the manner required by this Order and who is an Authorized Claimant who wants to share in the Settlement Fund must submit a fully completed and signed Proof of Claim and Release Form to MAPCO or its designee, in the manner and at the address stated in the Notice and the Proof of Claim Form and Release Form, and no later than the date stated in the Notice and the Proof of

6

Claim and Release Form. By submitting a Proof of Claim and Release Form, an entity shall be deemed to have submitted to the jurisdiction of the Court, including as to any order the Court issues concerning, among other things, discovery with respect to its claim and the subject matter of the Settlement, enforcement of the terms of the Settlement, and the release provided for in the Final Judgment. Each Proof of Claim and Release Form shall be submitted to and reviewed by the Settlement Administrator, who shall determine which Claims shall be allowed, subject to the Court's review. Prior to rejecting any Proof of Claim and Release Form determined to be deficient, the Settlement Administrator shall send a timely written notice (the "Deficiency Notice") to all claimants whose Proof of Claim and Release Forms the Settlement Administrator proposes to reject in whole or in part. The Deficiency Notice shall: (i) set forth the reasons why the Settlement Administrator believes that the claim is inadequate; (ii) provide the claimant with a reasonable opportunity to cure the noted defects; and (iii) indicate that the claimant has the right to request that the Court review the determination if any noted defect is not cured. The Settlement Administrator will provide similar deficiency notices to entities who submit deficient objections to or requests for exclusion from the Settlement. If any claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the claimant must, within thirty (30) days after the Settlement Administrator provides final notice that a defect noted in the Deficiency Notice has not been cured, serve upon the Settlement Administrator, MAPCO's Counsel, and Plaintiffs' Counsel a request for Court review together with a statement of the basis upon which the claimant contests the rejection, and any further supporting documentation. If such dispute cannot otherwise be resolved, Plaintiffs' Counsel shall thereafter present the request for review to the Court.

11. Any member of the Class who does not submit a Proof of Claim Form in the manner stated in this Order shall be deemed to have waived his, her, or its right to share in the Settlement

Fund, and shall forever be barred from sharing in the Settlement Fund. Any such member of the Class shall, however, be subject to and bound in all other respects by all terms of the Settlement, including the terms of the Final Judgment and the releases provided for in the Final Judgment, unless such member of the Class has submitted a request to be excluded from the Class in the manner required by this Order.

12. Pending the Settlement Hearing, the Court stays all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.

13. Pending the Settlement Hearing, the Court enjoins Plaintiffs and all other members of the Class from commencing or prosecuting, either directly or indirectly, any action or proceeding asserting any of the Released Claims (against any Released Person) in this or any other forum.

14. All initial papers in support of final approval of the Settlement, and any application by Plaintiffs' Counsel for attorneys' fees, a service award, or expenses shall be filed on **December 12, 2016**, a date before objections and requests for exclusion are due. Any reply briefs shall be filed with the Court by **January 2, 2017**, or fourteen days after objections and requests for exclusion are due, unless the Court orders otherwise.

15. The facts and terms of this Order and the Settlement, all negotiations, discussions, drafts, and proceedings in connection with this Order and the Settlement, and any act performed or document signed in connection with this Order and the Settlement, shall not, in this or any other court, administrative agency, arbitration forum, or other tribunal, constitute an admission of, or evidence of, or be deemed to create any inference of, (i) any acts of wrongdoing or lack of wrongdoing, (ii) any liability on the part of MAPCO or any Released Persons to Plaintiffs, the Class, or anyone else, (iii) any deficiency of any claim or defense that has been or could have been

asserted in this Action, (iv) any damages or lack of damages suffered by Plaintiffs, the Class, or anyone else, or (v) that the Settlement Amount (or any other amount) represents the amount that could or would have been recovered from MAPCO in the Action if the Action was not settled at this point in time. The facts and terms of this Order and the Settlement, all negotiations, discussions, drafts, and proceedings in connection with this Order and the Settlement, and any act performed or document signed in connection with this Order and the Settlement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal, except as necessary to enforce the terms of this Order and/or the Settlement, including, but not limited to, the Final Judgment and the releases provided for in the Final Judgment.

      16.    In the event that the Settlement fails to become effective in accordance with its terms, or if the Final Judgment is not entered or is reversed, vacated, or materially modified on appeal (and, in the event of material modification, if any party elects to terminate the Settlement), this Order (except Paragraphs 18 and this paragraph 19) shall be null and void, the Settlement (except Paragraphs 2.2, 8.2, 8.3, 9.2, 9.3, and 9.4 of the Stipulation) shall be deemed terminated and of no further force and effect, and the parties shall return to their positions, without prejudice in any way, as provided for in the Stipulation.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE